UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DUANE H. LUND, an individual, and
GENEVA MANAGEMENT SERVICES, LLC, a
Minnesota Limited Liability Company,

      Plaintiffs,

    v.

JOSEPH R. WAGNER, an individual and
GREYWOLF PARTNERS, INC., a Wisconsin
Corporation,

      Defendants.

Case No. 15-CV-00522 PJS/HB

## JOSEPH R. WAGNER AND GREYWOLF PARTNERS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND

Joseph R. Wagner and Greywolf Partners, Inc., by their attorneys, Whyte Hirschboeck Dudek S.C., answer the Complaint of Duane H. Lund and Geneva Management Services, LLC as follows:

## INTRODUCTION

1. Answering Paragraph 1, deny.

2. Answering Paragraph 2, admit that in September, 2009, Wagner was an employee of a real estate entity owned by Lund. As to the remaining allegations, deny.

3. Answering Paragraph 3, deny.

4. Answering Paragraph 4, admit that GMS assigned a number of management contracts to Greywolf effective February 1, 2010. Deny that Lund caused GMS to assign those contracts relying upon any promise that Wagner and Lund would split all financial benefits of the newly formed entity, including all profits, 50% each.

5. Answering Paragraph 5, deny.

CASE 0:15-cv-00522-PJS-HB   Document 5   Filed 02/23/15   Page 2 of 6

6. Answering Paragraph 6, deny.

7. Answering Paragraph 7, admit that Wagner manages the day-to-day business of Greywolf; as to the remaining allegations contained in Paragraph 7, deny.

8. Answering Paragraph 8, deny that Wagner has broken any promise to Lund.

9. Answering Paragraph 9, allege that the paragraph alleges conclusions of law that do not require a response; in the event that a response is required, deny.

## THE PARTIES

10. Answering Paragraph 10, admit.

11. Answering Paragraph 11, admit.

12. Answering Paragraph 12, admit.

13. Answering Paragraph 13, admit that Greywolf Partners, Inc. is a Wisconsin corporation; deny that its principal place of business is Milwaukee, Wisconsin. Admit that Greywolf Partners, Inc. maintains an office in Minneapolis, Minnesota.

## JURISDICTION

14. Answering Paragraph 14, admit only that the United States District Court for Minnesota has jurisdiction; deny that Hennepin County Circuit Court has jurisdiction over this matter.

## FACTUAL BACKGROUND

15. Answering Paragraph 15, admit.

16. Answering Paragraph 16, deny.

17. Answering Paragraph 17, deny.

18. Answering Paragraph 18, deny.

19. Answering Paragraph 19, deny.

WHD/11219908.3                                    2

20. Answering Paragraph 20, admit that Lund and Wagner engaged in negotiations relative to the potential assignment of Geneva Management Services LLC's management contracts to Greywolf Partners, Inc. Deny the remaining allegations.

21. Answering Paragraph 21, deny.

22. Answering Paragraph 22, deny. Affirmatively allege that the quoted e-mail is taken out of context and does not evidence any agreement between the parties.

23. Answering Paragraph 23, admit that Geneva Bay was a company in which Lund and Wagner each owned a 50% interest. As to the remaining allegations contained in Paragraph 23, deny.

24. Answering Paragraph 24, admit that on or about February 1, 2010, GMS assigned various management contracts to Greywolf Partners. As to the remaining allegations contained in Paragraph 24, deny.

25. Answering Paragraph 25, deny.

26. Answering Paragraph 26, deny.

27. Answering Paragraph 27, deny.

28. Answering Paragraph 28, deny.

29. Answering Paragraph 29, admit that after the assignment was made Lund and Wagner communicated. As to the remaining allegations contained in Paragraph 29, deny. Affirmatively allege that the March of 2010 e-mail quoted is taken out of context and deny that the quoted e-mail was a request for a capital contribution.

30. Answering Paragraph 30, deny.

31. Answering Paragraph 31, admit that Wagner has refused to pay any profits to Lund or provide financial information to him. Deny that Greywolf's profitability has triggered

an alleged right of Lund to receive payments. As to the remaining allegations contained in Paragraph 31, deny.

32. Answering Paragraph 32, admit that in May 2013 Wagner and Lund met. As to the remaining allegations contained in Paragraph 32, deny.

33. Answering Paragraph 33, admit that Wagner and Greywolf have refused to pay any sums to Lund; deny that any promise was made to Lund as alleged in this lawsuit.

**Count One**
**Promissory Estoppel**
**(Against Wagner)**

34. Reincorporate herein and by reference the admissions, denials and affirmative allegations of this answer.

35. Answering Paragraph 35, deny.

36. Answering Paragraph 36, deny.

37. Answering Paragraph 37, deny.

**Count Two**
**Unjust Enrichment/Quantum Meruit**
**(Against Wagner and Greywolf)**

38. Reincorporate herein and by reference the admissions, denials and affirmative allegations of this answer.

39. Answering Paragraph 39, deny.

40. Answering Paragraph 40, deny.

41. Answering Paragraph 41, deny.

42. Answering Paragraph 42, deny.

## Affirmative Defenses

As and for Affirmative Defenses, the Defendants allege and show the Court as follows:

1. The Complaint fails to state a claim upon which relief can be granted;

2. Claims of the Plaintiffs are barred by the statute of frauds;

3. The alleged promise or agreement pleaded would be unenforceable and/or illegal under applicable law;

4. Plaintiff's claims are barred by the applicable statute of limitations and/or doctrine of laches;

5. Any alleged claims of the Plaintiffs are barred by the doctrine of setoff;

6. Although any agreement or promise to provide the consideration as alleged in the Complaint is denied, any such alleged promise would be excused due to the intentional misconduct and/or breaches of duty by Lund. Any claims by Lund are barred by the doctrine of unclean hands.

7. Claims of the Plaintiffs are barred by the doctrine of estoppel.

8. Plaintiffs have failed to mitigate damages.

9. Defendants reserve the right to add affirmative defenses as discovery progresses.

## JURY DEMAND

A trial by a twelve person jury is hereby demanded.

WHEREFORE, Defendants demand judgment as follows:

1. Dismissal of the Complaint on the merits and with prejudice;

2. Costs, disbursements and reasonable attorney fees as provided by law; and

3. Any other relief this Court deems just.

Dated this 23rd day of February, 2015.

                                          WHYTE HIRSCHBOECK DUDEK S.C.
                                          Attorneys for Joseph R. Wagner and
                                          Greywolf Partners, Inc.

                                      By:   *s/ Daniel J. McGarry*
                                                 Daniel J. McGarry
                                                 MN State Bar No. 0273855

P.O. ADDRESS:
Whyte Hirschboeck Dudek S.C.
P.O. Box 1379
Madison, Wisconsin 53701-1379
608-255-4440
608-258-7138 (Fax)
dmcgarry@whdlaw.com